[Civ. No. 8070.  First Appellate District, Division Two.—February 17, 1932.]

THE EMPIRE LEASE AND ROYALTY COMPANY (a Corporation), Appellant, v. H. O. JONES, Respondent.

Oliver O. Clark for appellant.

Hill, Morgan & Bledsoe, Benjamin F. Bledsoe and W. M. Farrar for Respondent.

BURROUGHS, J., *pro tem.*—This is an action to have canceled and delivered up to the plaintiff, a certain promissory note executed by it in favor of the defendant in the principal sum of $15,023.77. There are three separate counts in the complaint. The first count alleges that said note was given without consideration. The second count alleges that subsequent to the execution of said note the consideration therefor, if any, entirely failed and since said time there never has been any consideration therefor. The third count alleges that said note was obtained by fraud. The answer admits the making and delivery of said note, but denies that it is without consideration or that the consideration has failed or that there was any fraud in its procurement. As affirmative matter the answer alleges that said note was given for a good and valuable consideration. The court found in favor of the defendant and entered its judgment accordingly. The plaintiff has appealed.

It is claimed that the findings and judgment are without support in the evidence. The evidence discloses that the plaintiff is a Delaware corporation engaged in the business of acquiring leases and royalties on potential oil lands. The basis of the organization was the exercise of a co-operative plan between the organizer and promoter and the land owners. One S. W. Mellon was the organizer of the plaintiff corporation and the defendant was also in some manner connected with the plaintiff. On December 4, 1925, said Mellon received a letter from the defendant to the effect that he, the defendant, deemed it advisable to step out of the plaintiff organization; that he did not feel it advisable

for him to obligate himself to the extent of $50,000 for the plaintiff; that the only way he would be interested in devoting any more time or money would be to furnish and maintain the office expense and the expense attached thereto; also the expenses of preparing the leases and paying the salary to the lease men he should select to work in the field; that he would not, however, agree to any specific length of time or amount of money, that would have to be left to the defendant's discretion both as to the expenses and the time that he should carry on said business. After demonstrating that it was possible to make a success of the company he would expect notes covering the amount of money he had advanced in the interest of the company, the notes to be duly executed by the officers of the company and to be paid to him out of the first moneys received from the operation or income of the company; that it would be his duty to make the company a success. The letter closes with a reference to some conversation had between the parties to the letter as to the arrangement between them concerning the interest to be given the defendant in the company.

It is claimed by the appellant that the foregoing letter constitutes the agreement between the parties. Plaintiff further put in evidence a letter addressed to the lessors of the plaintiff which it is claimed amounts to a declaration by the defendant that he had made a success of the business and had elected to assume the management of the plaintiff's business. It further appears from the evidence that on March 16, 1926, the plaintiff executed to the defendant its promissory note which is the subject of this action. Further evidence is cited by the plaintiff which shows that as early as March 12, 1926, four days before the execution of the said note, the defendant ordered printed leases under the name of "Globe Lease & Royalty Company"; that when he placed this order the defendant requested the printer to keep the matter confidential; that between March 10th and 15th, the defendant stated that he was organizing another company; that on March 15th, defendant telephoned to one of the plaintiff's lease men in Tucson, Arizona, that he was organizing a new company and asked this man to work for him and also forwarded to him some of the leases of the Globe Lease & Royalty Company. On March 23, 1926, the defendant resigned as manager of plaintiff's

business. The evidence shows that as to the amount expended by the defendant in the interest of the plaintiff and covered by the promissory note in suit, it was arrived at only after a most careful investigation by the officers of the plaintiff and the amount submitted by them was accepted without question. The defendant Jones testified that at a conference between himself and Mr. Mellon, two days after the above letter was written, it was agreed that as Jones refused to go ahead "under the present line up", Jones should secure 10,370 acres in leases under "the plan". It was further agreed that Jones was to finance the proposition and devote to it such time as he saw fit; that when this amount of leases was secured, Jones was to have, an interest in the corporation equal with Mr. Mellon and the note covering the amount of money spent in securing said leases. It is not denied that Jones financed the company nor is it denied that he secured the leases in the name of the company. The defendant also denied any promise to remain as manager of the company for any length of time. The defendant admitted that he did take steps to organize the Globe Lease & Royalty Company a few days prior to the sixteenth day of March and stated that his reason for so doing was his dissatisfaction with the manner in which the stock of the appellant corporation was to be distributed. He received only twenty-eight per cent of the stock which was much less than that received by Mellon. He had notified Mr. Mellon of his dissatisfaction and "the matter was discussed over quite a period" and he had told Mellon repeatedly that he would not put up any more money or devote any more time to the affairs of the plaintiff. There is other evidence in the record but we deem the foregoing sufficient to dispose of the claims of the appellant.

█ The foregoing evidence is convincing that the defendant Jones did in fact carry out his agreements with the officers of the plaintiff; that he advanced sums of money which were verified by the officers of the company before executing the promissory note and that the promissory note was given for a valuable consideration. It is not pointed out to us wherein the consideration at any time thereafter failed. So far as the claim of fraud is concerned, it does not appear from the evidence what constituted the alleged fraud. █ Under the letter above set forth and the

testimony of Jones, the defendant had an absolute right to resign from the service of the plaintiff at any time he saw fit and it was agreed that the promissory note was to be given to the defendant after the making of such expenditures. It is clear that the plaintiff's claim that there is no evidence to support the findings of the court and the judgment entered thereon, is without merit.

Plaintiff further claims that the findings and judgment go beyond the pleadings and adjudicate the accuracy of the statement of account contrary to the evidence and attempt to foreclose any future inquiry into the amount for which said note was given. A reading of the findings and the judgment shows that they follow the allegations of the plaintiff's complaint and negative the want or failure of consideration and the charge of fraud. There is no pretense that the action is one for an accounting. We, therefore, consider this point without merit.

The foregoing being the only points presented by the plaintiff for our consideration, it follows that the judgment is right and must be affirmed; it is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.